UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRAM SABA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA SINUTKO, ET AL.,<br><br>Defendant(s). | Case No. 2:21-cv-7947-SB (MARx)<br><br>ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

## I.

## **FACTUAL BACKGROUND**

On May 17, 2021, Plaintiff Shahram Saba ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against defendants Maria Sinutko and "Does 1 to 10". ECF Docket No. ("Dkt.") 1 at 14. Defendant Maria Gonzalez ("Defendant"), whose instant action is now before the Court, does not appear to be named as a defendant anywhere on the unlawful detainer action. Dkt. 1 at 12–14. However, Defendant appears to be one of Plaintiff's tenants at the address Plaintiff listed in their unlawful detainer action, "3809 Cody Road,; Sherman Oaks, CA 91403[.]" See id. at 1, 8, 10–14. Plaintiff asserts that the defendants have failed to vacate the property after being served a notice to quit and now seeks costs and damages. Id. at 12–14.

On October 5, 2021, Defendant filed a Notice of Removal, invoking the Court's federal question jurisdiction. Id. at 2–8. Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Dkt. 3.

## II.

## DISCUSSION

### A. APPLICABLE LAW

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

### B. ANALYSIS

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Dkt. 1 at 1–2. Section 1441 ("section 1441") provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). Section 1331 ("section 1331") provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331.

Here, the Court's review of the Notice of Removal and attached Complaint

1  makes clear that this Court does not have federal question jurisdiction over the instant
2  matter under section 1331.  First, there is no federal question apparent from the
3  face of the Complaint, which appears to allege only a simple unlawful detainer cause
4  of action.  See Wescom Credit Union v. Dudley, No. CV 10-8203-GAF (SSx), 2010
5  WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does
6  not arise under federal law.") (citation omitted); IndyMac Federal Bank, F.S.B. v.
7  Ocampo, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13,
8  2010) (remanding an action to state court for lack of subject matter jurisdiction where
9  plaintiff's complaint contained only an unlawful detainer claim).
10     Second, there is no merit to Defendant's contention that federal question
11  jurisdiction exists based on the Protecting Tenants at Foreclosure Act of 2009
12  ("PTFA").  Dkt. 1 at 3–7.  The PTFA does not create a private right of action; rather,
13  it provides a defense to state law unlawful detainer actions.  See Logan v. U.S. Bank
14  Nat. Ass'n, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint
15  because the PTFA "does not create a private right of action allowing [plaintiff] to
16  enforce its requirements"); see 12 U.S.C. § 5220.  It is well settled that a "case may
17  not be removed to federal court on the basis of a federal defense . . . even if the
18  defense is anticipated in the plaintiff's complaint, and even if both parties concede
19  that the federal defense is the only question truly at issue."  Caterpillar Inc. v.
20  Williams, 482 U.S. 386, 393 (1987).  Thus, to the extent Defendant's defenses to the
21  unlawful detainer action are based on alleged violations of federal law, those defenses
22  do not provide a basis for federal question jurisdiction.  See id.  Because Plaintiff's
23  complaint does not present a federal question, either on its face or as artfully pled, the
24  Court lacks jurisdiction under section 1441.
25  ///
26  ///
27  ///
28  ///

## III.
## CONCLUSION

Accordingly, **IT IS ORDERED** that this case is **REMANDED** to the Superior Court of California, County of Los Angeles, forthwith.

**IT IS FURTHER ORDERED** that Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: October 8, 2021

Stanley Blumenfeld, Jr.
United States District Judge